IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ENDEAVOR MESHTECH, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 2:15-CV-1155-WCB |
| | § | |
| ZENNER PERFORMANCE METERS, INC., | § | |
| D/B/A ZENNER USA, | § | |
| | § | |
| *Defendants*. | § | |

## **MEMORANDUM AND ORDER**

Before the Court is the motion of defendant Zenner Performance Meters, Inc., ("Zenner") to strike the response to Zenner's motion to dismiss filed by plaintiff Endeavor Meshtech, Inc. ("Endeavor") (Dkt. No. 29). The motion is DENIED.

1. Zenner contends that Endeavor's response to Zenner's motion to dismiss exceeded the 30-page limit set forth in this court's local rules for dispositive motions and responses to those motions. Local Rule CV-7(a)(1). Zenner's complaint is that Endeavor's response is more than 30 pages long if the table of contents, the table of authorities, and the signature page are counted against the 30-page limit. Zenner has cited no authority for the proposition that the table of contents, the table of authorities, and the signature page should be counted as part of the allotted 30 pages, and the Court sees no reason to calculate the 30 pages in the manner that Zenner proposes.

The court is aware of no federal court that counts the table of contents, the table of authorities, or the signature page against the applicable page limitation. The Supreme Court, for example, expressly excludes the table of contents and other components of the brief, such as the

1

questions presented, the list of parties, and the corporate disclosure statement, from the page limitations, see Sup. Ct. R. 33.1(d). The same practice was employed by the courts of appeals during the years that briefs in the appellate courts were subject to a page limitation as opposed to a word limit. While federal appellate briefs are now subject to word limits, not page limits, the Federal Rules of Appellate Procedure provide that the word limits do not include the corporate disclosure statement, the table of contents, the table of citations, the statement with respect to oral argument, any addendum containing statutes, rules, or regulations, and any certificates of counsel. Fed. R. App. P. 32(a)(7)(B)(iii). As for the signature block identifying counsel, it would be pointless to rule that the signature lines at the end of a brief should be counted against the page limitation, as the party could simply place the caption and signature of counsel on the front of the brief and omit the duplicative signature lines at the end of the brief, where such signatures are conventionally found.

To count the table of contents, the table of authorities, and the signature block against the 30-page limit would result in arbitrariness in various situations and would disserve the interests of the court. A table of contents and a table of authorities are typically included not because they buttress the party's argument but because they provide a convenient means for the court to find its way about the brief and to locate particular arguments the court may wish to focus on and particular cases the court may wish to consult. A judicial construction that would discourage the use of such devices would be self-defeating. And because, when briefs are filed by multiple parties (a practice the courts generally applaud) the list of signatures can run to several pages in length, a rule that would require the signature blocks to be counted against the page limitation would discourage the practice (or would make it more difficult for the court to determine at a

glance which parties have joined the brief in question). Finally, it would be nonsensical to punish a party that cited numerous authorities compared to a party that cited very few, which would be the effect of counting the table of authorities against the 30-page limit.

In sum, the Court rejects Zenner's argument that Endeavor exceeded the 30-page limit in its response to Zenner's motion to dismiss. Because Endeavor has not exceeded the 30-page limit, the Court will not grant Zenner's request to add six pages to the number of pages it will be permitted to file in the briefing on the motion to dismiss.

2. Zenner also contends that large portions of Endeavor's response, including a number of the exhibits attached to the response, should be stricken because they go beyond the scope of what is permissible for a court to consider in deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6). The court regards the arguments about whether particular evidence should be considered for purposes of a motion to dismiss to be the proper subject for a reply brief; it would be inefficient to conduct a separate inquiry into whether that evidence should be stricken when the issue can be addressed and decided in the context of the principal motion.

To the extent that the Court regards particular evidence as inappropriate for consideration in the context of a motion to dismiss, the Court will disregard that evidence in the course of considering and deciding the motion. To the extent that Zenner wishes to respond to Endeavor's suggestion that the Court could consider treating the motion to dismiss as a motion for summary judgment, that argument can be made in a reply brief in the proceedings on the motion to dismiss. Of course, Zenner is also free to file a separate motion for summary judgment at any

3

time.[1]  For that reason as well, the Court is not persuaded that any additional pages should be granted to Zenner for its briefing in the context of the motion to dismiss.

In its brief in response to the motion to dismiss, Endeavor has assumed that, by not filing a reply brief within the required period of time after Endeavor's response, Zenner has waived its right to file a reply brief.  The Court disagrees.  While Zenner should perhaps have sought leave of court to postpone filing its reply brief, the Court is persuaded that by Zenner's motion to strike should be treated as including a request to stay the briefing schedule on the motion to dismiss until the Court ruled on the motion to strike.  The Court now grants that request nunc pro tunc and will allow Zenner to file a reply brief on the motion to dismiss if that brief is filed within 10 days of the date of this order.  See Local Rule CV-7(f), CV-6(a) (seven days for filing a reply brief plus three days for service).  Endeavor will, of course, be permitted to file a surreply brief, as provided by the Local Rules.

For the foregoing reasons, Zenner's motion to strike Endeavor's response to Zenner's motion to dismiss (Dkt. No. 29) is DENIED.

---

[1]  In its motion, Zenner argues that if the Court decides to treat its motion to dismiss as a motion for summary judgment, the Court should grant it "an opportunity to provide additional briefing to support its Motion to Dismiss on a summary judgment basis."  Zenner is free to make that point in its reply brief on the motion to dismiss.  If the Court determines that the motion to dismiss should be treated as one for summary judgment under Fed. R. Civ. P. 56, the Court will comply with the directive of Fed. R. Civ. P. 12(d), which provides that "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

IT IS SO ORDERED.

SIGNED this 13th day of January, 2016.


_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE